[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is now before the court on defendant's motion brought pursuant to C.G.S. § 46b-115r, part of the Uniform Child Custody and Jurisdiction Act [UCCJEA], C.G.S. §§ 46b-115 through 46b-119.
Plaintiff, Gregory Ferretti, brought this action in late 2000. The complaint is dated December 5, 2000. This action was returnable to this court on January 9, 2001. Pursuant to an order of notice issued by this court, plaintiff, Anita L. Ferretti, was served by mail on December 22, 2000 in Smyrna, Delaware.
This is a dissolution action. In addition to a dissolution of the marriage, plaintiff seeks "Joint Custody of the minor children, temporary and permanent with principal place of residence with the plaintiff;" "Defendant shall be ordered to return the minor children to the State of Connecticut at this time;" "Division of personal and real property." Complaint, December 5, 2000, p. 3.
The parties have two children, Anthony, born May 26, 1995, and Steven, born March 13, 1997.
The parties and the two boys lived as a family in Connecticut for two years until July 1999. In July 1999, defendant and the two boys moved to Maryland. Although plaintiff disputes this, the parties had discussed this move and plaintiff knew it was going to occur. Defendant and the boys lived in Maryland until the end of August or beginning of September. At that time, defendant and the boys moved to Smyrna, Delaware. Smyrna, Delaware is near the Maryland border and not far from where defendant and the boys had lived in Maryland.
Plaintiff consulted an attorney in Connecticut on or about October 12, 2000 regarding a dissolution of the marriage and the related issues. [52-53] On October 19, 2000, he signed a retainer agreement. Plaintiff's Exhibit 3. CT Page 16425
Defendant filed a custody petition on November 17, 2000 in The Family Court of the State of Delaware in and for Kent County. Plaintiff was served with the Delaware custody petition on November 25, 2000, a Saturday. He brought the Delaware custody petition papers to his attorney the following Monday. He met with his attorney within days.
Plaintiff began this action on December 5, 2000.
On December 7, 2000, plaintiff's Connecticut attorney filed an Answer in the Delaware Family court contesting jurisdiction. That court docketed the Answer; no action was taken on it since plaintiff's (Respondent in the Delaware proceeding) counsel was not licensed to practice in Delaware.
When plaintiff was served with the Delaware custody petition, he was also served with the standard form of injunction issued by the Delaware Family Court. See 13 Del. C. § 721(d). Plaintiff's Exhibit 2. That section of the Delaware statutes provides:
 "Upon the filing of a petition for custody or visitation, a preliminary injunction shall be issued against both parties to the action, enjoining them from removing any natural or adopted child of the parties then residing in Delaware from the jurisdiction of this court without the prior written consent of the parties or the permission of the court. The preliminary injunction shall be effective against the petitioner upon the filing of the petition for custody or visitation and upon the respondent upon service of a copy of the petition."
"13 Del. C. 721(d)."
During the entire time defendant and the boys were living in Maryland and Delaware, plaintiff had frequent contact with the boys by telephone. He visited them at least three times while they were in Maryland.
In December 2000, plaintiff asked defendant if the boys could visit with him in Connecticut during the Christmas holiday season. Although at first reluctant fearing plaintiff would not return the children to her, defendant eventually agreed. Plaintiff's conduct in getting defendant's agreement is the focus of the present proceeding.
Plaintiff agreed to pick up the children in Delaware on December 25 and return them to Delaware at 6:00 p.m. on January 1, 2001. After consulting CT Page 16426 with his Connecticut lawyer, and, in order to induce defendant to let him take the children to Connecticut, plaintiff prepared a writing:
Date: December 20, 2000
To: Anita Ferretti
From: Greg Ferretti
Re: Anthony Steven Ferretti
 I, Greg Ferretti, agree to pick up Anthony Steven Ferretti on Monday, December 25th at 6:00 pm and return them on Monday, January 1st at 6:00 pm.
/s/ Greg Ferretti
Greg Ferretti
/s/ Frances R. Featherchuk, Notary Public
Seal
My Commission Expires Aug. 31, 2003
Defendant's Exhibit 1
Defendant allowed the children to go to Connecticut with their father (plaintiff) because plaintiff promised, orally and in writing, to bring them back to Delaware in a week. Plaintiff and defendant had agreed to meet at a mall in Christiana, Delaware at 6:00 p.m. on January 1st. At that time and place the boys were to be returned to defendant. Defendant went to the mall at the agreed upon time. When plaintiff did not appear with the boys, defendant called plaintiff at his home in Middletown, Connecticut. Plaintiff told her he was going to keep the boys in Connecticut.
Plaintiff told defendant he had told his lawyer that she (defendant) was going to move to Louisiana with the boys. According to plaintiff, his lawyer told him to get the children to Connecticut and keep them in Connecticut. As far as the court can determine, defendant had not told plaintiff she was planning to move to Louisiana. Even if defendant had said she planned to move to Louisiana, it would not justify plaintiff's deliberate violation of the injunction issued by the Delaware Family Court and otherwise deceitful conduct. CT Page 16427
In an earlier decision, this court concluded:
 Neither Delaware or Connecticut was the `home state' of the children at the time each action was commenced.
 Neither Delaware or Connecticut had been the `home state' during the six months preceding of the commencement of the respective actions.
 The defendant had commenced a child custody proceeding in the Delaware Family Court for Kent County on November 17, 2000.
 The Delaware Family Court has, or could have, jurisdiction pursuant 13 Del. C. § 1903, a provision substantially similar to C.G.S. § 46b-115k.
 The Delaware Family Court action has not stayed or terminated, and is still pending.
Memorandum of Decision, April 23, 2001, pp. 8-9.
This court then held:
 "So much of this action which seeks a determination of child custody is stayed until further order of this court."
Memorandum of Decision, April 23, 2001, p. 9.
Further proceedings were then held in the Delaware Family Court. Those proceedings have now been stayed pending further action by this court. That court stated:
"Consequently it appears that Delaware is not the home state. Delaware has fewer significant connections than has Connecticut. No emergency or other exigent circumstance exists which might confer jurisdiction on Delaware, and it does not appear that no other state would have jurisdiction, nor has any other state declined jurisdiction. Therefore, Delaware lacks jurisdiction to entertain this case, at least at this point." Anita L. Ferretti v. Gregory P. Ferretti, The CT Page 16428 Family Court of the State of Delaware in and for Kent County, File No CK00-04658, ORDER, March 8, 2002, p. 6.'
The Delaware Family Court deemed it imprudent for it to dismiss the custody petition. It stayed the matter "awaiting developments in Connecticut." Id., 8.
The Delaware Family Court wrote:
 III. REPREHENSIBLE CONDUCT Father has been in violation of Delaware's preliminary injunction for some time. He traveled to Delaware after that injunction had been served on him with the intent, or soon thereafter forming the intent, to disregard that injunction and to permanently locate the children in Connecticut. As he had already filed a custody proceeding in Connecticut, one can only infer that his actions were designed either for his own convenience or to gain some benefit by litigating in his home state. — This is precisely the kind of misconduct the UCCJA was originally designed to prevent. As such, mother vigorously urges this Court to invoke its equitable power to sanction father, either by equitable or judicial estoppel. However, as father is not seeking to gain advantage in Delaware for his misconduct, there is nothing from which to estop him. This is so because I must look to the significant connection at the time of filing alone so father gains no advantage from any connections the children may have since developed in Connecticut. Nor, I believe, can Delaware sanction him for reprehensible conduct pursuant to 13 Del. C. § 1908 since that sanction appears reserved solely for a reprehensible petitioner. Were the facts reversed and had the mother relocated these children from Connecticut under similar circumstances, I would not hesitate long in imposing that sanction. Yet while Delaware may be powerless to sanction this misconduct, Connecticut is not. Indeed, Connecticut may be required to at least consider imposing this sanction.
While § 1908 provides that a Court "may" CT Page 16429 consider whether it should decline jurisdiction, it has been held that failure to at least consider doing so constitutes reversible error.[1] However, it is unclear to me from Judge Parker's original order whether that issue was even fairly raised for his consideration. If not, this Court's findings might suggest the possibility that he will now do so, as I believe that Mr. Ferretti is coming to Judge Parker with unclean hands. In the official comment to this section of the UCCJA, the drafting commissioners explained:
 [s]ection (a) extends the clean hands principle to cases in which a custody decree has not yet been rendered in any state. . . . "Wrongfully" taking under this subsection does not mean that a "right" has been violated . . . but that ones party's conduct is so objectionable that a court in the exercise of its inherent equity powers cannot in good conscience permit that party access to its jurisdiction.[2]
 Should Judge Parker now consider this matter and find that Mr. Ferretti's appearance in Connecticut would do violence to the integrity of that court, Delaware could obtain jurisdiction under the provisions of § 1903(4). As the statute also would permit Judge Parker to charge Mr. Ferretti with any expense involved in Connecticut witnesses traveling to Delaware, any issue relating to forum non conveniens would easily be resolved.
 Accordingly, it would be imprudent for me to dismiss Mrs. Ferretti's petition. The matter is hereby stayed awaiting developments in Connecticut.
IT IS SO ORDERED this 8th day of March, A.D. 2002.
 /s/ ___________________ William N. Nichols, Judge
Id., pp. 7-8.
The court has followed the suggestion of the Delaware Family Court. Defendant has also moved for sanctions against plaintiff including CT Page 16430 dismissal of this action.
An evidentiary hearing was held. This court reaches the same conclusions as did the Delaware Family Court regarding plaintiff's conduct. This court finds that plaintiff deliberately misrepresented his intentions in December 2000 when he told defendant he would return the children to her in Delaware on January 1, 2001. He had the intention of keeping the children in Connecticut where he had started this marriage dissolution action in which he seeks a determination of child custody and that "[d]efendant shall be ordered to return the minor children to the State of Connecticut."
Section 46b-115r of the General Statutes provides:
 (a) Except as otherwise provided in section 46b-115n, if a court of this state has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless:
 (1) The parents and all persons acting as parents have acquiesced in the exercise of jurisdiction;
 (2) A court of the state otherwise having jurisdiction under a provision substantially similar to section 46b-115k, 46b-115l or 46b-115m determines that this state is a more appropriate forum under a statute similar to section 46b-115q; or
 (3) No court of any other state would have jurisdiction under the criteria specified in sections 46b-115k to 46b-115m, inclusive.
 (b) If a court of this state declines to exercise its jurisdiction pursuant to subsection (a) of this section, it may fashion an appropriate remedy to ensure the safety of the child and prevent a repetition of the unjustifiable conduct, including staying the proceeding until a child custody proceeding is commenced in a court having jurisdiction under a provision substantially similar to section 46b-115k, 46b-115l or 46b-115m.
(c) If a court dismisses a petition or stays a CT Page 16431 proceeding because it declines to exercise its jurisdiction pursuant to subsection (a) of this section, it shall assess against the party seeking to invoke its jurisdiction reasonable expenses including costs, communication expenses, attorneys' fees, investigative fees, expenses for witnesses, travel expenses and child care during the course of the proceedings, unless the party from whom fees are sought establishes that the assessment would be clearly inappropriate. The court may not assess fees, costs or expenses against the state unless authorized by law.
C.G.S. § 46b-115r.
The court declines to exercise jurisdiction as to the child custody aspects of this case because of plaintiff's unjustifiable, deliberately deceitful conduct in getting the children to Connecticut. Nor can the court condone plaintiff's obvious violation of the injunction of the Delaware Family Court. So much of this action which seeks a custody determination is dismissed.
The court further orders that defendant mother shall have custody of the children until further order of the Delaware Family Court. This custody is entirely without prejudice to such determinations as may be made in and by the Delaware Family Court. Furthermore, the plaintiff is ordered to return the children to their mother in Delaware by no later than 12 noon on Sunday, December 29, 2002.
Defendant may petition this court for the other relief authorized by § 46b-115r.
Parker, J.